******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## STEPHEN S. *v.* COMMISSIONER OF CORRECTION*
### (AC 48098)

Cradle, C. J., and Elgo and Eveleigh, Js.

*Syllabus*

The petitioner, who had previously been convicted, after a jury trial, of, inter alia, three counts of sexual assault in the first degree, appealed following the granting of his petition for certification to appeal from the habeas court's judgment dismissing his petition for a writ of habeas corpus. He claimed that the court improperly dismissed the count of his habeas petition alleging actual innocence for failure to state a claim upon which relief could be granted. *Held*:

The habeas court properly dismissed the count of the petitioner's habeas petition alleging actual innocence, as the petitioner conceded that he would not be presenting newly discovered evidence to support his claim.

Argued May 21—officially released July 7, 2026

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Bhatt, J.*, granted the respondent's motion to dismiss and rendered judgment thereon, from which the petitioner, on the granting of certification, appealed to this court. *Affirmed*.

*J. Patten Brown III*, assigned counsel, for the appellant (petitioner).

*Timothy F. Costello*, supervisory assistant state's attorney, with whom, on the brief, were *John P. Doyle*, state's attorney, and *Emily Dewey Trudeau*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. Following the granting of certification to appeal, the petitioner, Stephen S., appeals from

---

*In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to use the petitioner's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

the judgment of the habeas court dismissing his third petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly dismissed the actual innocence count of his habeas petition for failure to state a claim upon which relief could be granted. We disagree and, accordingly, affirm the judgment of the habeas court.

The record reveals the following relevant facts and procedural history. In 2001, the petitioner was convicted after a jury trial of three counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2), two counts of risk of injury to a child in violation of General Statutes (Rev. to 1997) § 53-21 (1), one count of risk of injury to a child in violation of General Statutes (Rev. to 1997) § 53-21 (2), and one count of unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a). The petitioner was sentenced to a total term of sixty years of incarceration. The petitioner appealed to this court, which affirmed the judgment of the trial court.

In 2004, the petitioner commenced his first habeas action. In his operative, amended petition for a writ of habeas corpus, filed in 2009, he alleged ineffective assistance of his criminal trial counsel and ineffective assistance of his appellate counsel. Following a trial on the merits, the habeas court denied the petition. This court affirmed the judgment of the habeas court. *Stephen S.* v. *Commissioner of Correction*, 134 Conn. App. 801, 821, 40 A.3d 796, cert. denied, 304 Conn. 932, 43 A.3d 660 (2012).

In 2011, while his appeal from the denial of his first habeas petition was still pending, the petitioner filed his second petition for a writ of habeas corpus. The petitioner alleged ineffective assistance of his first habeas counsel, ineffective assistance of his appellate counsel in his first habeas action, and he raised another claim of ineffective assistance of his criminal trial counsel. The habeas court denied the petitioner's second habeas petition in August

2015. The petitioner appealed to this court but withdrew the appeal on July 20, 2016.

On September 27, 2018, the petitioner commenced a third habeas action, which underlies the present appeal.[1] The petitioner filed the operative amended petition for a writ of habeas corpus on July 17, 2023. Count one alleged ineffective assistance of the petitioner's criminal trial counsel, count two alleged ineffective assistance of the petitioner's appellate counsel in the direct appeal from his criminal conviction, count three alleged ineffective assistance of the petitioner's habeas counsel in his first habeas action, count four alleged ineffective assistance of the petitioner's habeas counsel in his second habeas action, and count five alleged actual innocence.

On March 11, 2024, the respondent, the Commissioner of Correction, filed a motion pursuant to General Statutes § 52-470 for an order to show cause as to why the third habeas petition should not be dismissed as untimely because it was filed more than two years after the date that the judgment on the petitioner's second habeas petition became final. The habeas court granted the respondent's motion for an order to show cause and held a hearing on that motion on April 18, 2024.

On May 21, 2024, the respondent filed a motion to dismiss certain counts of the third habeas petition pursuant to Practice Book § 23-29.[2] The respondent argued, in relevant part, that the petitioner's actual innocence

---

[1] The habeas court initially declined to issue a writ of habeas corpus pursuant to Practice Book § 23-24 (a) (2) on the ground that the petition was "wholly frivolous on its face." This court reversed the judgment of the habeas court and remanded the case with direction to issue the writ. *Stephen S.* v. *Commissioner of Correction*, 199 Conn. App. 230, 232, 235 A.3d 639 (2020).

[2] Practice Book § 23-29 provides in relevant part that "[t]he judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted; (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . ."

claim failed to state a claim upon which relief could be granted because the petitioner proffered no newly discovered evidence in support of his claim. The petitioner subsequently filed an opposition to the respondent's motion to dismiss.

On July 9, 2024, the habeas court issued a memorandum of decision dismissing the ineffective assistance claims set forth in counts one through four of the third habeas petition on the ground that the petitioner had failed to demonstrate good cause for the untimely filing of his petition.[3] The court noted that count five of the petition, alleging actual innocence, was not subject to dismissal pursuant to § 52-470.[4]

On July 11, 2024, the habeas court held a hearing on whether the actual innocence claim set forth in count five should be dismissed for failing to state a claim upon which relief could be granted. At the hearing, the petitioner's counsel conceded that he would not be presenting newly discovered evidence to support his claim. He also acknowledged that this court has held that newly discovered evidence is required to support an actual innocence claim and that the habeas court is bound by this court's decisions. Nevertheless, he argued that the issue had not been addressed in the context of article first, § 9, of the Connecticut constitution and that it remained an open question by our Supreme Court.

On August 19, 2024, the habeas court issued a memorandum of decision in which it dismissed the petitioner's actual innocence claim set forth in count five of the petition. The court explained in relevant part: "Our Appellate Court's requirement is binding upon this court and, therefore, in order to state a claim upon which relief can be granted, [the petitioner] must allege the existence of newly discovered evidence. At the hearing on this motion

---

[3] On appeal, the petitioner does not challenge the habeas court's dismissal of these counts.

[4] General Statutes § 52-470 (f) provides in relevant part that "[s]ubsections (b) to (e), inclusive, of this section shall not apply to . . . a claim asserting actual innocence . . . ."

to dismiss, [the petitioner] admitted that his claim is *not* based on newly discovered evidence." (Emphasis in original.) The petitioner subsequently filed a petition for certification to appeal, which the habeas court granted. This appeal followed.

On appeal, the petitioner claims that the habeas court improperly dismissed his actual innocence count for failure to state a claim upon which relief could be granted. The petitioner challenges the requirement that he must present newly discovered evidence to support a claim of actual innocence.[5] We conclude that we are bound by the prior decisions of this court and, accordingly, reject the petitioner's claim.

"Although our Supreme Court has yet to address the issue of whether an actual innocence claim must be supported by newly discovered evidence . . . this court has consistently held that [a] claim of actual innocence must be based on newly discovered evidence. . . . This evidentiary burden is satisfied if a petitioner can demonstrate, by a preponderance of the evidence, that the proffered evidence could not have been discovered prior to the petitioner's criminal trial by the exercise of due diligence." (Citation omitted; internal quotation marks omitted.) *Ross* v. *Commissioner of Correction*, 217 Conn. App. 286, 296–97, 288 A.3d 1055, cert. denied, 346 Conn. 915, 290 A.3d 374 (2023); see also id., 302 (listing numerous cases in which this court repeatedly has held "that an actual innocence claim must be based on newly discovered evidence").

As this court has explained, the requirement of newly discovered evidence "balances the societal interests of finality, comity, and conservation of scarce judicial resources, against the benefit of 'dispos[ing] of the case

[5]As part of his claim, the petitioner contends that newly discovered evidence should not be required to pursue an actual innocence claim under article first, § 9, of the Connecticut constitution. At oral argument before this court, however, the petitioner's counsel conceded that his state constitutional argument is inadequately briefed because he failed to analyze that aspect of his claim pursuant to the factors set forth in *State* v. *Geisler*, 222 Conn. 672, 685, 610 A.2d 1225 (1992).

as law and justice require.' General Statutes §52-470 (a). Entertaining claims of actual innocence that are not based on newly discovered evidence would have a disruptive effect on the finality of judgments because it would permit a petitioner to raise allegations that, absent proof of an antecedent constitutional violation that affected the result of his criminal trial, could have been raised at the criminal trial." *Williams* v. *Commissioner of Correction*, 41 Conn. App. 515, 527, 677 A.2d 1 (1996), appeal dismissed, 240 Conn. 547, 549, 692 A.2d 1231 (1997) (certification improvidently granted); see also *Nemhard* v. *Commissioner of Correction*, 157 Conn. App. 368, 375, 117 A.3d 915, cert. denied, 319 Conn. 902, 122 A.3d 637 (2015).

"[I]t is axiomatic that one panel of this court cannot overrule the precedent established by a previous panel's holding." (Internal quotation marks omitted.) *Ross* v. *Commissioner of Correction*, supra, 217 Conn. App. 302; see also *State* v. *Houghtaling*, 326 Conn. 330, 343, 163 A.3d 563 (2017) ("the Appellate Court panel appropriately considered itself bound by its own precedent"), cert. denied, 584 U.S. 949, 138 S. Ct. 1593, 200 L. Ed. 2d 776 (2018); *Gibbs* v. *Commissioner of Correction*, 239 Conn. App. 512, 531,    A.3d    (2026) (in reaching its conclusion, this court "[a]dher[ed] to the principle of horizontal stare decisis, that is, our commitment to follow this court's prior precedent" (footnote omitted)).

Because we are bound to follow the precedent from other panels of this court,[6] the petitioner's claim that newly discovered evidence should not be required to establish a claim of actual innocence must be rejected. See *Ross* v. *Commissioner of Correction*, supra, 217 Conn. App. 303 (rejecting claim that newly discovered evidence should not be required to establish actual innocence claim). Consequently, because the petitioner conceded that he would not be presenting newly discovered

[6]During oral argument before this court, the petitioner's appellate counsel acknowledged that we are bound to follow the precedent from other panels of this court. He explained that he raised the claim to preserve it for review by our Supreme Court.

evidence to support his actual innocence claim, the habeas court properly dismissed count five of the petitioner's third habeas petition.

The judgment is affirmed.